[939 NYS2d 867]

In the Matter of SWINDLEY ANDERSON EDWARDS, an Attorney, Resignor.

Second Department, March 13, 2012

**APPEARANCES OF COUNSEL**

*Diana M. Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Swindley Anderson Edwards*, resignor pro se.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion dated April 4, 2011, this Court granted that branch of the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) which was to direct that the resignor, Swindley Anderson Edwards, be examined by a qualified medical expert to determine whether he is incapacitated from continuing to practice law by reason of illness, pursuant to 22 NYCRR 691.13 (b) (1), and held in abeyance that branch of the motion which was, in effect, to suspend him pursuant to 22 NYCRR 691.13 (b) (1). By decision and order on application of this Court dated May 5, 2011, the Grievance Committee was granted an extension of time to comply with the directive with regards to arranging for an examination of Mr. Edwards.

Mr. Edwards has now submitted an affidavit of resignation sworn to May 27, 2011.

Mr. Edwards acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Edwards is aware that the Grievance Committee is investigating six complaints of professional misconduct against him, alleging, inter alia, neglect of legal matters, and that he presented two checks from his attorney escrow account to the Kings County Clerk's Office which were dishonored.

Mr. Edwards acknowledges that if charges were predicated upon the allegations of professional misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Mr. Edwards's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. Mr. Edwards specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation. In view of the resignation of Mr. Edwards, the Grievance Committee seeks to withdraw its prior motion.

Inasmuch as the proffered resignation complies with the requirements of Judiciary Law § 90 (6-a), it is accepted and, effective immediately, Mr. Edwards is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the resignation of Swindley Anderson Edwards is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Swindley Anderson Edwards is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Swindley Anderson Edwards shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Swindley Anderson Edwards is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Swindley Anderson Edwards has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the Grievance Committee's application to withdraw its prior motion is granted.